# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RAHMEL WARREN,         )
        )
        Plaintiff,         )
        )
v.         )         CV423-292
        )
CHATHAM COUNTY         )
DETENTION CENTER, *et al.*,         )
        )
        Defendants.         )

## ORDER

The Court previously screened *pro se* plaintiff Rahmel Warren's Complaint, dismissed an improper defendant, and directed him to clarify his allegations concerning the handling of his mail at Chatham County Detention Center. *See generally* doc. 8. He has submitted his Amended Complaint. Doc. 9. The Court must, therefore, screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th

Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Warren is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Warren's Amended Complaint identifies four defendants; Chatham Country Sheriff John Wilcher, Chief Deputy Gary Taylor, Commander Todd Freeseman, and an entity, "Chatham County Detention Center, Sheriff Department." *See* doc. 9 at 2-3. The Amended Complaint alleges, unedited and in full: "Chatham County Sheriff Department is reading my personal mail from my lawyer. there doing this before they give it to me. Chatham County Sheriff department is abusing there authority it is [illegible, apparently "nuumerise," perhaps "numerous"] of violation. There opening up mail before they give it to me." *Id.* at 3. No relief is requested. *Id.* at 5.

## I.   Improper Defendant

The Court's prior Order explained that Chatham County Detention Center was not an entity subject to suit and, therefore, dismissed it as a defendant. *See* doc. 8 at 3. To the extent that the Amended Complaint

again lists Chatham County Detention Center as a defendant, it remains improper. *See Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022). To the extent that the Amended Complaint, instead, asserts a claim against the Chatham County Sheriff's Department, it is also not an entity subject to suit. *See Rhymer v. Clayton Cnty. Sheriff's Office*, 2023 WL 1971319, at *2 (N.D. Ga. Feb. 13, 2023) ("Under Georgia law, a Sheriff's department . . . is not a legal entity capable of being sued." (citation omitted)). Accordingly, to the extent that the Amended Complaint asserts any claim against "Chatham County Detention Center, Sheriff Department," that Defendant is **DISMISSED**.

## II.    Legal Mail

Warren's allegations concerning the treatment of his "personal mail from [his] lawyer," implicate two potential constitutional issues, his right of access to the courts, and his right to free speech under the First Amendment. The Eleventh Circuit has held that "the right to send and receive mail exists under the First Amendment," and violations of that right may be vindicated by nominal damages, even "absent any actual injury." *Al-Amin v. Smith*, 511 F.3d 1317, 1333, 1335 (11th Cir. 2008); *see also Christmas v. Nabors*, 76 F.4th 1320, 1328 (11th Cir. 2023). A

viable access-to-courts claim requires an "actual injury," in the form of evidence that "a nonfrivolous[ ] post-conviction claim or civil rights action," was "impeded." *Al-Amin*, 511 F.3d at 1332-33. "[I]n other words, the plaintiff[ ] must demonstrate that [he] had a legitimate claim that [he was] unable to pursue due to the prison's restrictions." *Bass v. Perrin*, 170 F.3d 1312, 1320 n. 13 (11th Cir. 1999). As before, since Warren does not allege his pursuit of any nonfrivolous case was impeded by the challenged policy, *see* doc. 9 at 3, he does not allege an access-to-courts claim. The Court, therefore, considers whether his general right to send and receive mail has been violated.

The Eleventh Circuit has recently emphasized that "[a] simple rule has governed prison mail procedures in our Circuit for nearly 50 years: a prison official may not open an inmate's properly marked legal mail outside of his presence." *Christmas*, 76 F.4th at 1328 (citation omitted). The principle is widely accepted among the Courts of Appeals. *See, e.g., Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("In addition to the Third and Eleventh Circuits, the Second, Sixth, and Tenth Circuits have recognized that the opening of legal mail outside of a prisoner's presence implicates First Amendment rights." (citations

omitted)).  *Christmas* also explicitly found that the district court erred in dismissing a claim which, although it "did not allege that [jail staff] opened his mail outside of his presence, [it] did allege that they *could* access his legal mail outside of his presence in the future."  76 F.4th at 1329.  The Amended Complaint, charitably construed, alleges that mail from Warren's attorney was opened before it was given to him, perhaps on multiple occasions.  Doc. 9 at 3.  There is no allegation, however, of whether or how any of the named defendants who might be subject to suit is responsible for opening Warren's attorney mail.  The lack of any alleged connection between the individual defendants and the alleged violation of Warren's First Amendment right is fatal to any claim against the defendants in their individual capacities.  *See, e.g., Wainwright v. Bronson*, 2023 WL 2469923, at *2 (M.D. Ala. Feb. 13, 2023) ("[A] government official sued in his or her individual capacity for allegedly constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to the allegedly responsible individuals or actions." (citation omitted)).

The fact that Warren names Sheriff Wilcher and the other defendants, in their official capacity, and seems to by trying to name the

Sheriff's Department, as an entity, suggest that he might assert that the treatment of his mail is the enaction of a policy or practice established by one or more of the defendants.  Such a contention would implicate a claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).  "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id.* at 690.  "To state a *Monell* claim, a plaintiff must allege facts showing: (1) that his constitutional rights were violated; (2) that the [county] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) (internal quotation marks and citations omitted).  As discussed above, Warren's allegation that mail from his attorney was opened outside of his presence is sufficient to allege his constitutional rights were violated.  However, there is no allegation, even charitably construing his Amended Complaint, that there was any custom or policy of opening attorney mail outside the recipient's presence.  *See, e.g., Grech*

*v. Clayton Cnty., Ga.*, 335 F. 3d 1326, 1329 (11th Cir. 2003) (a policy or custom may be shown by "either (1) an officially promulgated . . . policy or (2) an unofficial custom or practice . . . shown through the repeated acts of a final policymaker . . . ."). Even assuming that Warren alleges "numerous" incidents of mail mistreatment, that allegation alone is insufficient to allege a policy or custom.

Although Warren's Amended Complaint clarifies his allegation that mail from his attorney was opened outside of his presence, as discussed above, he has not alleged facts that would support any of the individual defendant's responsibility, in their individual capacity, or any policy or custom that might support a *Monell* claim. His Amended Complaint, therefore, fails to state any claim upon which relief can be granted. Nevertheless, given the Amended Complaint's additional clarity, the Court will afford him **one final opportunity** to amend. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff *at least* one chance to amend the complaint before the court dismisses the action." (emphasis added)).

Accordingly, Warren is **DIRECTED** to submit a Second Amended Complaint clarifying his allegations of interference with his mail by no later than January 5, 2024. To facilitate his preparation of the Second Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Warren is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Warren is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

In summary, Warren's Amended Complaint fails to state a claim upon which relief may be granted. He must submit a Second Amended Complaint, subject to the requirements explained above, no later than

January 5, 2023.  Since Defendant "Chatham County Detention Center,

Sheriff Department," is not an entity subject to suit, it is **DISMISSED**.

    **SO ORDERED,** this <u>12th</u> day of December, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA