UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RAHMEL WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-292 |
| ) | |
| CHATHAM COUNTY ) | |
| DETENTION CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court originally screened *pro se* plaintiff Rahmel Warren's Complaint, dismissed an improper defendant, and directed him to clarify his allegations concerning the handling of his mail at Chatham County Detention Center. *See generally* doc. 8. He submitted his Amended Complaint. Doc. 9. The Court, again, dismissed improper defendants and directed Warren to further clarify his allegations. *See generally* doc. 10. He has submitted a Second Amended Complaint. *See* doc. 11. The Court must, therefore, screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't*

*of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Warren is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Warren's Second Amended Complaint identifies four defendants; Chatham County Sheriff John Wilcher, Chief Deputy Gary Taylor, Commander Todd Freesemann, and an entity, "JailATM.com – Chatham County Sheriff, Mail Department," located in Atlanta, Georgia. *See* doc. 11 at 2-3. In the section of the form complaint seeking identification of the constitutional right allegedly violated, Warren states "[t]he department of Correction is opening up my legal mail before they hand it to me. . . . Then they are resealing taping the back then giving it to me." *Id.* at 3. He describes this happening "start[ing] back in April 2023 when they called me out into the hub for some legal mail that got sent to me by

my lawyer." *Id.* at 4. The section of the form setting forth "the facts underlying [his] claim(s)" states, unedited and in full:

> It was Sgt. Hall who was there at the time he was the one who open my mail made copies then hand back to me. There I had seen my mail had already been tamper with. Also another time with officer White he did the same thing but my mail was already tamper with before he hand it me.

*Id.* at 5. He seeks monetary damages. *Id.*

Warren's allegations implicate a claim that his legal mail is improperly handled at Chatham County Detention Center. The Eleventh Circuit has recently emphasized that "[a] simple rule has governed prison mail procedures in our Circuit for nearly 50 years: a prison official may not open an inmate's properly marked legal mail outside of his presence." *Christmas*, 76 F.4th at 1328 (citation omitted). The principle is widely accepted among the Courts of Appeals. *See, e.g., Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("In addition to the Third and Eleventh Circuits, the Second, Sixth, and Tenth Circuits have recognized that the opening of legal mail outside of a prisoner's presence implicates First Amendment rights." (citations omitted)). *Christmas* also explicitly found that the district court erred in dismissing a claim which, although it "did not allege that [jail staff] opened his mail outside of his presence,

3

[it] did allege that they *could* access his legal mail outside of his presence in the future." 76 F.4th at 1329.

The Second Amended Complaint, charitably construed, alleges that mail from Warren's attorney was opened before it was given to him, perhaps on multiple occasions. Doc. 11 at 3-5. There is no allegation, however, of whether or how any of the named defendants who might be subject to suit is responsible for opening Warren's attorney mail. *See generally id.* The only individuals identified, who are not named as defendants, are not even alleged to have mishandled his mail; when the two individuals gave him his mail it "had already been tamper[ed] with." *See id.* at 5. The lack of any alleged connection between any named defendant and the alleged violation of Warren's First Amendment right is fatal to any claim against the defendants in their individual capacities. *See, e.g., Wainwright v. Bronson*, 2023 WL 2469923, at *2 (M.D. Ala. Feb. 13, 2023) ("[A] government official sued in his or her individual capacity for allegedly constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to the allegedly responsible individuals or actions." (citation omitted)).

The fact that Warren names Sheriff Wilcher and the other defendants, in their official capacity, suggest that he might assert that the treatment of his mail is the enaction of a policy or practice established by one or more of the defendants. Such a contention would implicate a claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. "To state a *Monell* claim, a plaintiff must allege facts showing: (1) that his constitutional rights were violated; (2) that the [county] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) (internal quotation marks and citations omitted). Warren's vague allegation that his mail was "tampered with," is not sufficient to allege that it was opened outside of his presence. However, even if he had alleged that *someone* opened his legal mail, there is no allegation, even charitably construing his Second

5

Amended Complaint, that there was any custom or policy of opening attorney mail outside the recipient's presence. *See, e.g., Grech v. Clayton Cnty., Ga.*, 335 F. 3d 1326, 1329 (11th Cir. 2003) (a policy or custom may be shown by "either (1) an officially promulgated . . . policy or (2) an unofficial custom or practice . . . shown through the repeated acts of a final policymaker . . . ."). There is simply no allegation of any "policy or custom" sufficient to allege a *Monell* claim.

In summary, Warren's Second Amended Complaint fails to state any claim upon which relief can be granted. Stretching the limits of charitable construction, the Second Amended Complaint *might* allege that his legal mail is mishandled[1] by *someone*, but never by whom. There is no allegation concerning any named defendant's conduct. To the extent that any party is identified, neither is a named defendant, and neither is alleged to have opened or otherwise mishandled Warren's mail. Finally, the lack of any allegation from which the Court could infer a policy or custom, for which any of the named defendants is responsible, is fatal to

---

[1] The Court is skeptical that an allegation that an envelope is sealed with tape is sufficient to allege that it was previously opened. However, even drawing such an inference in Warren's favor, the lack of any allegation that any named defendant is responsible for opening and subsequently re-taping the envelope is fatal to Warren's claim.

any possible *Monell* claim.  Since Warren has had multiple opportunities to amend his pleading, despite the persistent possibility that the events alleged implicate a claim, he is not entitled to further opportunities.  *Cf. Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  Because his Second Amended Complaint fails to state any claim upon which relief may be granted, it is **DISMISSED**.  *See* 28 U.S.C. § 1915A(b)(1).  The Clerk is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED,** this 4th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA